IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JACKIE STEFANOWITZ,

    Plaintiff,

    v.

SUNTRUST MORTGAGE, INC.,

    Defendant.

No. 3:10-CV-1321

(JUDGE CAPUTO)

(MAGISTRATE JUDGE MANNION)

## MEMORANDUM ORDER

Before the Court are Magistrate Judge Mannion's Report and Recommendation ("R&R") (Doc. 10), plaintiff Stefanowitz's objections (Doc. 15), and defendant Suntrust Mortgage's response. Stefanowitz is essentially suing Suntrust over how her mortgage payments are being processed. Magistrate Judge Mannion recommended dismissing the suit because Stefanowitz failed to properly allege the Court's subject matter jurisdiction under 28 U.S.C. § 1331 or § 1332. The Court agrees and will adopt the R&R and dismiss the complaint.

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v.*

*United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

The subject-matter jurisdiction of district courts is governed by 28 U.S.C. § 1331 and § 1332. 28 U.S.C. § 1331 grants district courts original jurisdiction over, "all civil actions arising under the Constitution, laws, or treaties of the United States." This is commonly referred to as 'federal question' jurisdiction. 28 U.S.C. § 1332 provides that: "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . .." This is known as 'diversity' jurisdiction.

The court will "generally accept a party's good faith allegation of the amount in controversy, but where a defendant or the court challenges the plaintiff's allegations regarding the amount in question, the plaintiff who seeks the assistance of the federal courts must produce sufficient evidence to justify its claims." *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995) (internal citation omitted). Dismissal is appropriate when it is clear to a legal certainty that the jurisdictional amount cannot be met. *Burkhart v. Widener Univ.*, 70 Fed. Appx. 52 (3d Cir. 2003) (citing *Suber v. Chrysler Corp.*, 104 F.3d 578 (3d Cir. 1997)).

Magistrate Judge Mannion recommended Stefanowitz's complaint be dismissed because she failed to properly allege the Court's subject-matter jurisdiction under either §

1331 or § 1332. Stefanowitz is clearly unhappy with how her mortgage payments are being processed. However, the complaint does not mention any federal laws to satisfy federal question jurisdiction or the damages sought to satisfy the $75,000+ requirement for diversity jurisdiction. In her objections, Stefanowitz contends that she has established jurisdiction under § 1332. She claims the gross amount on a closing document is $73,902.28, and that, along with incidental costs, puts her over the $75,000+ threshold. She also claims repairs she is having done on the home will restore its value to $150,000. However, Stefanowitz has failed to establish the relevancy of these figures for her claims or how they relate to her damages. Consequently, the Court will dismiss the complaint for not properly alleging subject-matter jurisdiction.

NOW, this 20th day of July, 2011, **IT IS HEREBY ORDERED THAT** Magistrate Judge Mannion's Report and Recommendation is **ADOPTED** (Doc. 10) and Suntrust Mortgage's motion to dismiss is **GRANTED**. The Clerk of Court is directed to mark the case as **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge